UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY MICHELLE CHAPMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>FCA US, LLC et al.,<br><br>    Defendants. | Case No. 2:25-cv-07336-SB-SK<br><br><br>ORDER TO SHOW CAUSE RE SANCTIONS |

On March 3, the Court observed that the parties in their joint pretrial filings had agreed that Plaintiff could not prevail on her claims in Counts 2 and 4 unless she could prove that she purchased a new motor vehicle, and that the parties' filings had not addressed Count 3, which Plaintiff had evidently abandoned. Because the vehicle Plaintiff purchased was preowned, the Court ordered the parties to "meet and confer and file a joint status report no later than March 3, 2025, explaining why the case should not be dismissed." Dkt. No. 43 at 2. The Court explained its concerns about Plaintiff's conduct and cautioned that "[i]f Plaintiff seeks relief from the consequences of the joint filings, she should expect to be ordered to show cause at the March 13 pretrial conference why the Court should not impose sanctions on her counsel (in addition to addressing the Rule 11 concerns the Court has already raised)." *Id*.

In response, the parties filed a "joint status report" that neither discusses any efforts to meet and confer and reach resolution nor addresses the Court's concerns. The only apparent attempt to address Plaintiff's failures is a statement that David Lunn—the attorney who signed the report for Plaintiff—has been in back-to-back trials and therefore "has had significant difficulties in engaging in the necessary meet and confer efforts in this case." Dkt. No. 48 at 2. Lunn is not listed on the docket in this case, and the joint report does not address why none of the five lawyers identified as counsel for Plaintiff on the docket (two of whom are listed in

1

the report) was unable to prosecute this case.[1]  Jacob Lister, who is designated on the docket as lead counsel for Plaintiff, is not even mentioned in the report.  The remainder of the joint report simply lays out the two sides' competing legal positions for whether Counts 2 and 4 may be viable as to used vehicles.  Plaintiff does not explain her agreement to the joint jury instructions and verdict form adopting the position she now opposes, nor does she address why she should not be held to that agreement.

Additionally, Plaintiff without leave unilaterally filed three additional pretrial documents:  (1) a 100-page set of "joint" proposed jury instructions that includes no input from Defendant; (2) a new proposed special verdict form; and (3) a proposed "joint" statement of the case, with no indication that Defendant has agreed.  Dkt. Nos. 45–47.  These filings violate the Court's Civil Pretrial and Trial Order.  Dkt. No. 15 at 4 ("The parties shall *not* file any amended or supplemental PTC Documents or any other trial documents without leave of court.").

None of Plaintiff's latest round of filings mentions her claim in Count 3, which she has abandoned by implication.  *See* Dkt. No. 48 (stating that "Plaintiff intends to proceed on" the other two claims).  The Court continues to have questions about Plaintiff's inclusion of that claim.  *See* Dkt. No. 37 at 4 n.1 ("At the pretrial conference, . . . Plaintiff should be prepared to identify the particular service literature and replacement parts she contends FCA failed to make available to the repair facility, as well as the Rule 11 inquiry she conducted before alleging its failure to do so in Count 3.").  Count 3 is dismissed as abandoned.

---

[1] The parties' September 9, 2025 joint Rule 26(f) report, filed by Elizabeth LaRocque for Plaintiff, stated that Lunn would be trial counsel, but he has not filed a notice of appearance.  Dkt. No. 12 at 16.  None of the five counsel listed for Plaintiff on the docket (nor anyone else) appeared for Plaintiff at the February 13, 2026 post-settlement status conference.  Dkt. No. 25.  Breanna Rucker, another attorney for Plaintiff who is not listed on the docket, filed a response to the resulting order to show cause and appeared for Plaintiff at the show cause hearing.  Dkt. Nos. 27, 34.  Lead counsel Jacob Lister argued Defendant's motion for judgment on the pleadings on February 27.  Dkt. No. 44.  And Tionna Carvalho, another attorney listed on the docket and on many of Plaintiff's filings, docketed several of her pretrial filings.  Dkt. Nos. 27–28, 31–33.  Thus, even if Lunn should be designated as lead counsel (in which case he shall file an appearance and update the docket promptly), he is not the only attorney actively representing Plaintiff in this matter.

The Court had already expressed its "serious concerns" about Plaintiff's conduct in this case.  Dkt.  No. 43 at 2.[2]  Her latest filings, which fail to address the serious shortcomings identified by the Court, heighten those concerns still further.  The unauthorized filings at Dkt. Nos. 45–47 are stricken.  Plaintiff is ordered to show cause at a hearing in Courtroom 6C at 8:30 a.m. on March 13, 2026 why she and her counsel should not be sanctioned—including by holding them to their filings, dismissing the case, and/or imposing monetary sanctions—under the Court's inherent authority, Rule 11, and Rule 16(f) for failing to comply with their Rule 11 obligations and violating the Court's standing orders with respect to the claims and filings in this case, as addressed in more detail below.

Lead counsel Jacob Lister and apparent trial counsel David Lunn are ordered to appear in person at the hearing, and they shall each file a declaration in response to this order to show cause (OSC) no later than March 9, 2026.  Each declaration shall address *in detail*:  (1) the investigation undertaken before filing this case; (2) what service literature and replacement parts Defendant failed to provide to the repair facility, and Plaintiff's Rule 11 basis for asserting that failure; (3) Plaintiff's failure to prepare or sign the proposed pretrial order, in violation of Local Rule 16-7; (4) Plaintiff's discussions with defense counsel to prepare the joint proposed jury instructions and verdict form, including the length of those discussions and the efforts Plaintiff undertook to ensure that the joint filings to which she agreed correctly stated the law, as required by Rule 11; (5) Plaintiff's discussions with defense counsel in response to the Court's March 2 order, including the length and content of those discussions (excluding the substance of any settlement discussions); (6) Plaintiff's failure to address her prior failures in the March 3 joint report; (7) Plaintiff's unauthorized filing of improper "joint" pretrial filings in violation of the Court's standing order; (8) why Plaintiff should not be held to the joint jury instructions and verdict form to which it agreed; and (9) whether counsel has ever been the subject of an OSC or sanctioned for failing to follow any court rule or order.

Plaintiff does not dispute that if the jury is instructed according to the instructions to which the parties jointly agreed, she cannot prevail at trial.  At present, Plaintiff has not shown that she should be excused from that agreement,

---

[2] Defendant has not been faultless, and the Court previously noted its "impression that the parties have approached this case in a boilerplate manner without grappling with the differences among the relevant statutory provisions or the particular facts of this case."  Dkt. No. 37 at 4 n.4.  The Court's concerns since that time, however, have all arisen from Plaintiff's conduct.

and the Court has not authorized any further amended pretrial filings.  In the event the Court allows Plaintiff to avoid her agreement, it expects to order the parties to meet and confer (to a much greater extent than they have evidently done thus far) and file a full set of new pretrial filings, with Plaintiff and/or her counsel to pay Defendant's attorney's fees for the additional work required.

In their February 20 joint report on settlement, filed before the Court ruled on Defendant's motion for judgment on the pleadings, the parties stated that they would "continue to explore settlement possibilities, including the possibility of renewing mediation efforts at a later date."  Dkt. No. 33 at 2.  To the extent the parties wish to further explore resolution, it would be more efficient to do so before the Court and the parties expend further resources on this matter.  Accordingly, the parties no later than March 9, 2026, shall file a joint status report on any further attempts at resolution.

Date: March 4, 2026

_____

Stanley Blumenfeld, Jr.
United States District Judge

4